UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RICHARD NATHANIEL MILLER                          CIVIL ACTION

VERSUS                                            NO. 12-2806

JAMES M. LEBLANC, ET AL.                          SECTION "A"

# **O R D E R**

Petitioner Richard Nathaniel Miller moves for reconsideration of the Court's Order adopting the magistrate judge's Report and Recommendation to dismiss his habeas claims with prejudice, and declining to issue a certificate of appealability. (Rec. Doc. 26). The arguments that Petitioner previously raised via his objections to the Recommendation do not require additional discussion. The Court notes, however, that Petitioner now contends that he has learned through additional research that some circuits allow a "withdrawal and abeyance" procedure that would have allowed Petitioner to stay the exhausted claims in his federal petition while he returned to state court to exhaust the unexhausted claims in his "mixed" petition. Petitioner asserts that the Court erred in not advising him of this option, and he asks the Court to allow him to elect that option at this time.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court upheld the validity of the "stay and abeyance" procedure that some district courts had been following after the enactment of the AEDPA imposed a one year limitations period on the filing of federal habeas petitions. The procedure was developed by courts to address the sometimes inequitable result caused by the interplay of *Rose v. Lundy*, 455 U.S. 509 (1982), *Duncan v. Walker*, 533 U.S. 167 (2001), and the AEDPA's strict limitations period. *Lundy* held that districts courts had no discretion to entertain mixed petitions but rather must dismiss the petition in its entirety without prejudice until all claims being asserted were exhausted. 455 U.S. at 522. *Duncan* held that the limitations

1

period is not tolled by filing a petition for habeas relief in federal court. 533 U.S. at 181-82. Thus, the interplay of *Lundy*, *Duncan*, and the AEDPA meant that in some cases a petitioner ran the risk of never obtaining federal review of his claims. The "stay and abeyance" or "withdrawal and abeyance" procedure, specifically approved by *Rhines*, was a means of addressing that risk for some cases.

But two aspects of the procedure are important to note. First, contrary to Petitioner's argument herein, a federal habeas court is not required to advise the petitioner regarding his legal options for a mixed petition. *See Pliler v. Ford*, 542 U.S. 225 (2004). And second, no habeas petitioner is *entitled to* the benefits of the "stay and abeyance" procedure. In *Rhines*, the Supreme Court reiterated the important concerns that underlie the complete exhaustion requirement, and in light of those concerns, the "stay and abeyance" procedure should only be available in limited circumstances when good cause is shown for the failure to exhaust. 544 U.S. at 277. Even with a showing of good cause, issuing a stay would be an abuse of discretion where the unexhausted claims are plainly meritless. *Id.* But where the petitioner has shown good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics, it would likely be an abuse of discretion for the district court to deny a stay. *Id.* at 278.

In this case, there is no hint that any of the *Rhines* factors that would militate in favor of employing the "withdrawal and abeyance" procedure are present in this case. Moreover, Petitioner was not placed in the untenable position that a *Lundy* dismissal without prejudice would have caused. Rather, in light of the procedural bar that Petitioner faced under Louisiana Code of Criminal Procedure article 930.8 had he been allowed to return to state court to exhaust more claims, the magistrate judge simply proceeded with the merits of the exhausted claims. (Rec. Doc. 17, R&R at 29). In short, Petitioner received all of the federal review to which he was entitled under the law.

Accordingly;

**IT IS ORDERED** that Petitioner's **Motion for Reconsideration (Rec. Doc. 29)** is **DENIED**.

April 11, 2014

                                                UNITED STATES DISTRICT JUDGE